JOHNSON, Judge.
This is an appeal from a final judgment on an amended complaint for declaratory judgment and a counterclaim for indemnity by the defendant, the appellant herein, against another defendant, McDougall’s Insurance Agency, Inc.
It appears from the pleadings and admissions that McDougall’s Insurance Agency, Inc., as agent for The Insurance Company of the State of Pennsylvania, sold an automobile liability policy to the defendant, Johnny C. Carey, and said Insurance Company issued its policy pursuant thereto'. The premiums for said policy was financed through International Premium Finance, Inc. and payable in installments. Mc-Dougall’s acted as agent for International Premium Finance, Inc., and paid the proceeds from the finance agreement to' The Insurance Company of the State of Pennsylvania, so that at the time of the accident involving the Carey automobile, said insurance company had received its full premium for such policy.
The policy, it is true, carried a provision whereby the policy could be cancelled if the insured failed to pay his premiums, or failed to discharge his obligation in connection with the payment of any installment of the premium, whether payable directly or under any premium finance plan.
At the time of purchase of the policy in question, July 27, 1965, the insured paid the sum of $34.00 as initial installment on the first year’s premium. No notice was ever given to Mr. Carey as to the dates or amounts of any further installments, but on September 30, 1965, the insured’s automobile was involved in a wreck with automobile of the appellee Christian, in which the driver and a passenger in the Christian cab were injured and the cab damaged.
Mrs. Carey reported the accident to agent McDougall’s Insurance Agency, Inc., and she was at that time informed that a payment of $15.00 was due as a payment on the premium, and that she should give to McDougall’s a check for such amount, back dated to September 23, 1965, which was done and accepted by McDougall. Later, on or about October 7, 1965, Mrs. Carey paid the further sum of $30.00 toward the balance of the remaining premium. No mention was made by McDougall that said policy was either cancelled or in the process of being cancelled.
About two months after the accident, and after McDougall’s had accepted premium payments, Pennsylvania Company notified Mr. Carey, the insured, that his liability policy had been cancelled on September 24, 1965, six days prior to the accident in question.
The trial court determined that the primary question was whether the action of McDougall’s by acceptance of the late installment, after the accident, was effective to void the cancellation and retroactively reinstate the policy. We might add that there is also the question of whether the policy was ever actually cancelled. We do not think so. The Insurance Company had received its premium and there was no' default directly to the Insurance Company. The McDougall’s Insurance Agency had the authority to request a cancellation if the installments were not paid to the International Premium Finance Company; but this was a right accruing to McDougall’s or the finance company, not to the Insurance Company. This being optional with McDougall’s to request cancellation or not, McDougall, as dual agent of the finance company and of The Insurance Company, when it requested withdrawal of the cancellation request before it was acted upon, and accepted the premiums, removed any legal cause for complaint on the part of the insurance company, and since McDou- *345 gall, as agent for the finance company had asked for and received the payments due the finance company, together with the “late” charge, the finance company’s rights were no longer impaired.
We therefore agree with the trial court that said policy of insurance was in full force and effect at the time of the accident on September 30, 1965.
We also concur in the conclusion of the trial court that there being no breach of any contractual arrangement between the insuror and McDougall, and no fraud or collusion alleged or shown, that the prayer of the counterclaim should be dismissed.
Affirmed.
WIGGINTON, C. J., and SPECTOR, J., concur.